IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 4:09-cv-165 |
| v. | ) ) | COMPLAINT |
| NEW BERN IMPORTS AND TRUCKS, LLC d/b/a NEW BERN MAZDA-SUZUKI, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to those employees who were adversely affected by such practices. The Commission alleges that Defendant New Bern Imports and Trucks, LLC d/b/a New Bern Mazda-Suzuki, discriminated against Amanda Santos Smith and other similarly situated female employees by subjecting them to sexual harassment that created a sexually hostile work environment because of their sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and initiated pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant New Bern Imports and Trucks, LLC d/b/a New Bern Mazda-Suzuki ("Defendant") is a North Carolina corporation with its principal place of business in New Bern, North Carolina. At all relevant times, Defendant has continuously been doing business in New Bern, North Carolina and has continuously had at least fifteen (15) employees. Defendant operates a car dealership in New Bern, North Carolina under the name New Bern Mazda-Suzuki.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amanda Santos Smith filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the filing of this lawsuit have been fulfilled.

7. Since at least the summer of 2005, Defendant has engaged in unlawful employment practices at its facility in New Bern, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

> a. From around the summer of 2005 until around May 2008, one of Defendant's owners who is male, subjected Amanda Santos Smith (female) to unwelcome sexual touching and sexual comments. Said owner rubbed Smith's shoulders, made comments to her about her breasts and buttocks, made comments

to other employees about Smith's breasts in front of Smith and, on at least one occasion, asked Smith to have sex with him. Said owner also made comments about the breasts and buttocks of other female employees of Defendant in front of Smith. The owner's comments were severe or pervasive in that they occurred almost every day while Smith was employed by Defendant. Smith did not invite or otherwise welcome the sexual comments and/or sexual conduct and found it offensive. Smith complained to said owner about his sexual comments and sexual conduct, but the sexual harassment continued.

b.  From as early as the summer of 2005 and continuing into the fall of 2008, the same male owner who subjected Smith to unwelcome sexual comments and conduct, subjected similarly situated female employees of Defendant to unwelcome sexual touching and sexual comments. For example, said owner made comments about the breasts and buttocks of female employees of Defendants and told some female employees that their skirts were not short enough. In addition, the owner told at least one female employee that she had a nice body and asked if he could see her naked and touch her. The female employees were offended by the sexual comments and sexual conduct, and did not invite or otherwise welcome it. In fact, at least two female employees complained to Defendant's General Manager about the owner's comments, but the sexual harassment continued.

8. The effect of the practices complained of above has been to deprive Amanda Santos Smith and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Amanda Santos Smith and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment or any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Amanda Santos Smith and other similarly situated female employees whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

D. Order Defendant to make Amanda Santos Smith and other similarly situated female employees whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to pay Amanda Santos Smith and other similarly situated female employees punitive damages for its malicious and reckless conduct described above, in amounts

to be determined at trial.

  F.  Grant such other and further relief as the Court deems necessary and proper in the public interest.

  G.  Award the Commission the costs of this action.

  Respectfully submitted, this the 24th day of September, 2009.

            EQUAL EMPLOYMENT
            OPPORTUNITY COMMISION

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel
            131 M Street, N.E.
            4th Floor, Suite 4NE25N
            Washington, DC 20507

            /s/ Lynette A. Barnes
            LYNETTE A. BARNES
            Regional Attorney
            Charlotte District Office
            129 W. Trade Street, Suite 400
            Charlotte, NC 28202

            TRACY HUDSON SPICER
            Supervisory Trial Attorney
            Washington Field Office
            131 M Street, N.E., Suite 4NWO2F
            Washington, DC 20507

            /s/ Katherine A. Soles
            KATHERINE A. SOLES
            Trial Attorney
            Raleigh Area Office
            1309 Annapolis Drive
            Raleigh, NC 27608
            katherine.soles@eeoc.gov
            Phone: (919) 856-4148
            Fax: (919) 856-4156
            N.C. State Bar No. 36393